IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Karissa Chorbajian, | ) | Case No. 6:23-cv-03118-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Adams Scrap Recycling, LLC; Kamal Desor; HRP Associates, Inc.; Layton Environmental Engineering, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). This action was removed on June 29, 2023. ECF No. 1. On July 17, 2023, Defendant Layton Environmental Engineering, LLC, ("Layton Environmental") filed a Motion to Dismiss. ECF No. 12. On July 19, 2023, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 15. Plaintiff did not file a response to the Motion but did file an Amended Complaint. ECF No. 17. Thereafter, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be found as moot based on the filing of the

Amended Complaint. ECF No. 23. Layton Engineering filed objections,[1] and Plaintiff filed a reply.[2] ECF Nos. 27, 34.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Layton Engineering objects to the Report of the Magistrate Judge and argues that the Amended Complaint was untimely; accordingly, the Magistrate Judge should have

---

[1] The same day that it filed objections, Layton Engineering filed a second Motion to Dismiss directed at the Amended Complaint. ECF No. 26.

[2] The Court notes that there is no docket entry reflecting that Plaintiff was mailed a copy of the Report. However, as noted, Plaintiff did file a reply to the objections requesting that the undersigned "accept in whole the Report and Recommendation." ECF No. 34 at 1. Accordingly, the fact that there is no docket entry reflecting that the document was mailed appears to be an erroneous omission, and the Court will proceed to a review of this matter.

construed the Amended Complaint as a motion for leave to amend. ECF No. 27. First, the Court notes that Layton Engineering's entire argument is premised on the date of service of the Complaint. However, that interpretation neglects to take into account the entirety of Federal Rule of Civil Procedure 15(a)(1). Under Rule 15, a plaintiff may amend once as a matter of course within 21 days after serving the complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, Layton Engineering's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b), was filed on July 17, 2023. ECF No. 12. The Amended Complaint was filed on July 20, 2023, well within the time prescribed by the Federal Rules of Civil Procedure for amendment as a matter of course.

To the extent Layton Engineering argues that the time should run from the date the first Defendant in this action filed a motion to dismiss, the Court also finds that argument to be unavailing. Included in the state court documents is a motion to dismiss filed by Defendants Adams Scrap Recycling, LLC, and Kamal Desor dated June 23, 2023. ECF No. 1-4 at 97. Turning to Federal Rule of Civil Procedure 6, the time for Plaintiff to file an amended complaint would have begun running on June 24, 2023. *See* Fed. R. Civ. P. 6(a)(1)(A). Adding 21 days, results in a due date of Saturday, July 15, 2023. Pursuant to Rule 6(a)(1)(C), the time in which to file would carry forward until Monday, July 17, 2023. According to the state court docket, Plaintiff was not served electronically.

Therefore, under Rule 6(d), "3 days are added after the period would otherwise expire under Rule 6(a)." Thus, Plaintiff's Amended Complaint, filed July 20, 2023, is timely.[3]

Layton Engineering's objection merely discusses the propriety of the Amended Complaint and does not substantively address the ultimate recommendation of the Magistrate Judge. As discussed above, the Court finds that the Amended Complaint was proper.[4] Accordingly, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge and the Motion to Dismiss [12] is **MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 5, 2023
Spartanburg, South Carolina

---

[3] The Court further notes that Layton Engineering has requested de novo review pursuant to the applicable law governing objections to reports. However, the Court is of the opinion that Layton Engineering is truly objecting to an order of the Magistrate Judge. Notably, the Magistrate Judge does not make any recommendation that the undersigned find the Amended Complaint to be timely filed. Accordingly, the undersigned "may reconsider" the Magistrate Judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). Regardless, out of an abundance of caution, the Court has conducted a de novo review.

[4] In the alternative, the Court finds that a motion for leave to file an amended complaint should be granted. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be given freely when justice so requires. The law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). The Fourth Circuit instructs that [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). Here, the Court finds that Plaintiff has met the requisite standard.